UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-00088-SRC |
| UNKNOWN PROFFER, et al., | ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Joseph Harris for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $4.93. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint on a Court form.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 5). The account statement shows an average monthly deposit of $24.64. The Court will therefore assess an initial partial filing fee of $4.93, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 1). He names the following individuals as defendants: Sergeant Unknown Proffer; Correctional Officer Unknown Brown; Warden Jason Lewis; Deputy Warden Bill Stange; Functional Unit Manager (FUM) Bruce Hanebrink; Certified Corrections Manager (CCM) Unknown Reed; CCM Matt Short; and CCM April Samples. (Docket No. 1 at 1-2). Plaintiff does not indicate the capacity in which defendants are sued.

At some point in 2017, while in cellhouse 2A of the administrative segregation unit in SECC, plaintiff noticed an elderly inmate being "forced to go into a cell" by Sergeant Proffer, despite the elderly inmate's protests. (Docket No. 1 at 3). Plaintiff states that he told Sergeant Proffer to "leave the old man alone." Sergeant Proffer responded by yelling: "Since you think you are tough, boot up, punk."

An hour later, Sergeant Proffer, Officer Brown, and four other guards, all dressed in riot gear, returned to plaintiff's cell and opened the tray slot. Plaintiff advised that he did not want to come out until a lieutenant arrived, because he feared being assaulted.

According to plaintiff, Sergeant Proffer deployed pepper spray into the cell. In response, plaintiff again requested the presence of a lieutenant. Plaintiff alleges that the guards then used their battering ram to "blast" plaintiff through the tray slot, knocking him down. Afterwards, Sergeant Proffer deployed more pepper spray, and the other guards came into his cell, handcuffed plaintiff, and chained him to a bench out in the wing.

Plaintiff states that Sergeant Proffer and Officer Brown returned later, without the other guards, to take him to cell A101, where there is no surveillance camera. Fearing for his safety, plaintiff screamed for a lieutenant or for someone to bring a video camera. Plaintiff alleges that Sergeant Proffer and Officer Brown forced him into the cell, twice "smash[ed] his face into [a] wall," and tore off his clothes. He further alleges that Officer Brown sprayed pepper spray into his face, and that they picked him up, while handcuffed, and slammed him face-first to the floor three times. Plaintiff also states that Sergeant Proffer got on top of plaintiff and tried twisting plaintiff's "wrist up to touch the back of his head, wrenching his shoulder to the point of dislocation." (Docket No. 1 at 4). While this occurred, plaintiff asserts that Officer Brown told others to stay away. Thereafter, Officer Brown twice kicked plaintiff in the face.

Sergeant Proffer and Officer Brown then put plaintiff's clothes back on, and returned him to his cell. Plaintiff states that he vomited. The following day, he was evaluated by a nurse, who documented a swollen right eye, a swollen right index finger, and "multiple contusions" to his face and body. Subsequently, plaintiff saw an ophthalmologist, who advised him that he had permanent

4

damage to his eye. Since his alleged assault, plaintiff states that he has suffered headaches and blurred vision.

Plaintiff requested an Informal Resolution Request (IRR) form, but claims that "staff would not respond." (Docket No. 1 at 5). Ultimately, he obtained an IRR form "using subterfuge." Plaintiff states he sent "repeated requests" to Warden Lewis and Deputy Warden Stange for an investigation. However, these requests were ignored.

Plaintiff states that in the ensuing months, "SECC staff" began to make his access to stationary, legal research, and forms difficult to obtain. He further complains about not being allowed enough stamps; the insufficiency of the inmate law library aide; the length of time it takes the law library to fulfill requests; and the inability of inmates to keep handwritten notes in their legal materials. (Docket No. 1 at 6-8). Plaintiff also states that he was strip-searched each time he went to the shower, which is not standard procedure. (Docket No. 1 at 5).

Plaintiff claims that while he was in administrative segregation, he was denied a qualified legal claim (QLC) form, which is necessary for him to make requests of the law library. (Docket No. 1 at 6). He also asserts that his "legal papers," which were stored in property, "vanished." In response to plaintiff's continual requests, CCM Reed brought him a "kite" from CCM Short, which stated that plaintiff's legal papers were still in his property. (Docket No. 1 at 6-7). CCM Short's kite also advised plaintiff that FUM Hanebrink does not allow inmates to possess a copy of the "Jailhouse Lawyer's Handbook." (Docket No. 1 at 7). When plaintiff asked CCM Reed for an IRR form to make a complaint, his request was denied.

After filing his complaint, plaintiff filed a document entitled "Amended Complaint." (Docket No. 10). According to plaintiff, this was filed to "supplement" the original complaint. In the amended complaint, plaintiff alleges that he has been retaliated against for filing the instant

5

action. Specifically, plaintiff states that Officer Brown issued a false conduct violation against him for spitting on Officer Brown. (Docket No. 10 at 1). He further claims that Deputy Warden Stange referred the matter to a prosecutor for charges. This resulted in plaintiff being charged with a Class B felony in Mississippi County. (Docket No. 10 at 2).

Plaintiff seeks an injunction to prevent defendants from harming him, harassing him, or hindering his legal work. (Docket No. 1 at 16). He also requests a "fair amount" in compensatory and punitive damages.

## Discussion

Plaintiff brings this pro se action pursuant to 42 U.S.C. § 1983. He alleges that Sergeant Proffer and Officer Brown violated his constitutional rights by using excessive force against him. He also makes various claims relating to his access to the courts and his access to administrative remedies. For the reasons discussed below, plaintiff's complaint contains deficiencies making it subject to dismissal. However, because he is proceeding pro se, he will be allowed to file an amended complaint.

A. **Deficiencies in Complaint**

Plaintiff's complaint contains a number of defects. First, it is not on the Court's civil rights form, as required. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

Second, plaintiff has not indicated the capacity in which he is suing defendants. If a complaint is silent as to the capacity in which a defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). An official capacity suit against an individual is really a suit against that individual's employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that in an official capacity claim

6

against an individual, the claim is actually "against the governmental entity itself"). As plaintiff is suing State of Missouri employees, his official capacity claims are in actuality claims against the state. To the extent that he is seeking money damages, his claims would fail because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). To the extent he is seeking injunctive relief, he has failed to allege that liability for his constitutional violations resulted from an unconstitutional policy or custom. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018). In short, plaintiff's complaint would be subject to dismissal for failure to state a claim.

Third, with the exception of the allegations against defendants Proffer and Brown, plaintiff has not demonstrated the liability of the remaining defendants for harming him. In particular, in his access to courts claims, plaintiff relies on generalities rather than facts showing what each defendant did or did not do to violate his constitutional rights. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (explaining that a plaintiff must allege facts connecting the defendant to the challenged action).

As plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A). If the complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of

the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff should avoid making legal arguments and is not required to provide case citations. He should also confine himself to alleging facts that are relevant to his claim, and abstain from providing commentary or opinions regarding the legal system.

Plaintiff is required to allege facts demonstrating the personal responsibility of the defendant or defendants for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his

8

constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). The Court will not allow plaintiff to amend his complaint piecemeal, by interlineation or supplementation. Therefore, all claims that plaintiff wishes to make must be included within the amended complaint.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

### C. Motion for Leave to Replace Pages 11 and 12 of Complaint

Plaintiff has filed a motion for leave to replace pages 11 and 12 of his original complaint. (Docket No. 9). The motion will be denied as moot as plaintiff is being ordered to file an amended complaint.

### D. Motion to Appoint Counsel

Plaintiff has also filed a motion to appoint counsel. (Docket No. 11). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at the present. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $4.93 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to replace pages 11 and 12 of his complaint (Docket No. 9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 11) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil rights complaint form for prisoners.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty days, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 17th day of October, 2019.

*/s/ SLR.CR*

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE